# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ENCOMPASS FLORIDIAN**
**INSURANCE COMPANY,**

        **Plaintiff,**

v.                                            Case No:  6:18-cv-228-Orl-41DCI

**DALE DUNN,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ATTORNEY'S FEES AND COSTS (Doc. 103)** |
| **FILED:** | February 7, 2019 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**. | |

On February 15, 2018, Plaintiff filed this action against Defendant seeking, in part, a declaratory judgment that no payment is owed under the insurance policy at issue in this case. Docs. 1; 11. On February 7, 2019, the Court dismissed this action for lack of subject matter jurisdiction. Doc. 102.

On February 7, 2019, Defendant filed a motion for attorney fees and costs pursuant to Florida Statutes section 627.428 and Federal Rule of Civil Procedure 54(d). Doc. 103 (the Motion). On February 21, 2019, Plaintiff filed a response in opposition to the Motion, arguing that section 627.428 does not apply in this case because Plaintiff took no "wrongful action which

would warrant the penalty of awarding attorney's fees and costs to Defendant." Doc. 104 (the Response).

On March 19, 2019, twenty-six days after Plaintiff filed the Response, Defendant filed a request for oral argument on the Motion. Doc. 105. Therein, Defendant stated that he believes oral argument will aid the Court in ruling on the Motion but did not specifically explain why oral argument was necessary. Upon review, the undersigned finds that the Motion does not involve legal or factual issues that would necessitate oral argument. Thus, the Motion is now ripe for consideration.

In diversity cases, "a party's right to attorney's fees is determined by reference to state law." *Prime Ins. Syndicate, Inc. v. Soil Tech Distribs., Inc.*, 270 F. App'x 962, 963 (11th Cir. 2008) (citation omitted). Florida Statutes section 627.428(1) provides as follows:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

"This provision applies both when the insured prevails in a suit it brought against its insurer and when the insured prevails in a suit brought against it by its insurer." *Prime Ins. Syndicate, Inc.*, 270 F. App'x at 963 (citation omitted). "Because the statute is penal in nature, courts strictly construe its language. But where a suit fits within section 627.428, the entry of an award of attorney's fees is mandatory and non-discretionary." *Mid-Continent Cas. Co. v. G.R. Constr. Mgmt., Inc.*, 2018 WL 2945613, at *2 (M.D. Fla. May 25, 2018) (citations omitted).

The issue before the Court is whether § 627.428(1) applies when an insurer's case against an insured is dismissed for lack of federal subject matter jurisdiction. A panel of the Eleventh

Circuit Court of Appeals has determined that it does. *See Prime Ins. Syndicate, Inc.*, 270 F. App'x at 963 (finding that a dismissal for lack of subject matter jurisdiction was sufficient to warrant an award of attorney fees under section 627.428(1)). And Plaintiff offered no argument to the contrary.[1] Instead, Plaintiff relies on *Clifton v. United Cas. Ins. Co. of Am.* to argue that Defendant is not entitled to an award of attorney fees because Plaintiff did not engage in wrongful conduct. 31 So. 3d 826, 829 (Fla. 2d DCA 2010). But the Florida Supreme Court has explicitly disagreed with *Clifton* concerning the very issue for which Plaintiff cites that case.[2] *Johnson v. Omega Ins. Co.*, 200 So. 3d 1207, 1218 (Fla. 2016). Specifically, the Florida Supreme Court has stated as follows: "We therefore disagree with the hypothetical reasoning in *Clifton v. United Casualty Insurance Co. of America*, 31 So.3d 826 (Fla. 2d DCA 2010), and disapprove of the suggestion that section 627.428 requires a finding of bad faith on the part of the insurance company." Thus, the undersigned finds that Defendant is entitled to attorney fees pursuant to section 627.428(1).

However, the undersigned finds that Defendant has not carried his burden of demonstrating that he is entitled to costs. *See Travelers Indem. Co. of Conn. v. Attorney's Title Ins. Fund, Inc.*, 2019 WL 359862 (M.D. Fla. Jan. 14, 2019) ("The burden of proving entitlement to costs and the amount of compensable expenses lies with the party seeking to tax those costs.") (citations omitted). Defendant provided the Court with no argument or authority to suggest that costs are awardable pursuant to section 627.428(1). Nor did Defendant provide the Court with any

---

[1] Indeed, Plaintiff did not discuss *Prime Ins. Syndicate, Inc.* in the Response.

[2] The undersigned notes that Plaintiff provided the Court with no indication that a subsequent Florida Supreme Court case disagreed with the case upon which Plaintiff relies. In addition, the undersigned notes that the first paragraph of Plaintiff's block quote does not appear in the case that Claimant purports to be quoting.

argument or authority to establish that he was a "prevailing party" pursuant to Rule 54(d), or, for that matter, to establish that Rule 54(d) applies when an action is dismissed for lack of jurisdiction.

For the foregoing reasons, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 103) be **GRANTED in part** as follows:

    a. Defendant be determined to be entitled to his attorney fees pursuant to Florida Statutes § 627.428(1);

    b. Defendant be given until on or before the fourteenth day after the date the Court enters its Order to file a motion to quantify Defendant's attorney fees, provided that Defendant fully complies with Local Rule 3.01(g);

2. The Court reserve jurisdiction to determine the amount of attorney fees; and

3. The Motion (Doc. 103) otherwise be **DENIED**.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 9, 2019.

*[signature]*
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy