UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ENCOMPASS FLORIDIAN
INSURANCE COMPANY,**

          **Plaintiff,**

v.                                                **Case No: 6:18-cv-228-Orl-41DCI**

**DALE DUNN,**

          **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S (OPPOSED) COMPREHENSIVE MOTION TO QUANTIFY ATTORNEY'S FEES AND INTEREST (Doc. 114)** |
| **FILED:** | **June 4, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

### I.    Background

On February 15, 2018, Plaintiff filed this action against Defendant seeking, in part, a declaratory judgment that no payment is owed under the insurance policy at issue in this case. Docs. 1; 11. On February 7, 2019, the Court dismissed this action for lack of subject matter jurisdiction after raising the issue *sua sponte*. Doc. 102.

On February 7, 2019, Defendant filed a motion for attorney fees and costs pursuant to Florida Statutes section 627.428 and Federal Rule of Civil Procedure 54(d). Doc. 103. On February 21, 2019, Plaintiff filed a response in opposition to that motion, arguing that section

627.428 does not apply in this case because Plaintiff took no "wrongful action which would warrant the penalty of awarding attorney's fees and costs to Defendant." Doc. 104.

In a Report and Recommendation, the undersigned found that Defendant is entitled to attorney fees pursuant to section 627.428(1), but not entitled to costs pursuant to Federal Rule of Civil Procedure 54(d). Doc. 108. No party objected to the Report and Recommendation. On May 31, 2019, the Court adopted the Report and Recommendation, and provided Defendant an opportunity to file a motion to quantify the amount of attorney fees. Doc. 113.

On June 4, 2019, Defendant filed the "(Opposed) Comprehensive Motion to Quantify Attorney's Fees and Interest." Doc. 114 (the Motion). In the Motion, Defendant sought attorney fees of $172,018.75. *Id*. at 1. Defendant calculated the lodestar amount as follows, and then applied a 2.5 multiplier to that amount:

|  | Hours | Rate |  |
|---|---|---|---|
| Ryan M. Bennett, Esq. | 178.9 | $375 | $67,087.50 |
| Benjamin D. Keener, Esq. | 4.3 | $400 | $1,720.00 |
|  |  | Total: | $68,807.50 |

*Id*. at 10. Defendant asserted that a 2.5 multiplier was appropriate relying primarily upon the Florida Supreme Court's decision in *Standard Guaranty Insurance Co. v. Quanstrom*, 555 So.2d 828, 830-36 (Fla. 1990). Defendant attached to the Motion: an affidavit of the Defendant; an affidavit of Defendant's counsel, Mr. Bennett; the resumes of Mr. Bennett and Mr. Keener; and hourly billing records for Mr. Bennett and Mr. Keener. Docs. 114-1 through 114-6.

Plaintiff filed a response of less than three pages of substance. Doc. 118. In the response, Plaintiff asserted generally that the requested award was "excessive" and that the billing records

included entries that were "vague, administrative, duplicative, and excessive."[1]  *Id*. at 3.  As to the contingency fee multiplier, Plaintiff asserts that the Court should decline to award a multiplier because "Defendant failed to demonstrate that without an adjustment for risk, he would have faced substantial difficulties finding counsel."  *Id*.  In relation to the response, Plaintiff provided the Court with an affidavit of a fee expert.  Doc. 118-1 (later filed as a corrected version at Doc. 120).  In the affidavit, the fee expert opined that a reasonable hourly rate for Defendant's counsel is between $300 and $400, rates encompassing those requested in the Motion.  Doc. 120 at 2.  However, the fee expert opined that the requested fee award is "exorbitant" because the billing records include "entries that are vague, administrative in nature, duplicative and excessive."  *Id*.  In addition, in a document identified as a "report" attached to the affidavit, the fee expert created a table identifying each billing entry by defense counsel and noting short objections to certain specific entries, as well as identifying the number of hours – sometimes zero – that the fee expert believed should have been billed for the described work.  Doc. 118-2.

**II.     Discussion**

The Court uses the familiar "lodestar" method in determining a reasonable fee award, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The party moving for fees has the burden of establishing that the hourly rates and hours expended are reasonable.  *See Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

---

[1] Plaintiff's first argument appeared to be an attempt to challenge the determination of entitlement to attorney fees.  However, that issue has already been decided through the Court's adoption of the un-objected-to Report and Recommendation.  Plaintiff provided no basis for the Court to reconsider its decision.

"[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quotations and citation omitted). In determining if the requested rate is reasonable, the Court may consider the applicable *Johnson* factors and may rely on its own knowledge and experience. *Norman*, 836 F.2d at 1299-1300, 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.") (quotations and citation omitted); *see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates," which must be more than just "the affidavit of the attorney performing the work." *Norman*, 836 F.2d at 1299 (citations omitted). Instead, satisfactory evidence generally includes evidence of the rates charged by lawyers in similar circumstances or opinion evidence of reasonable rates. *Id*.

As for the hours reasonably expended, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. In demonstrating that their hours are reasonable, counsel "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Likewise, a party opposing a fee application should also submit objections and proof that are specific and reasonably precise. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). A fee opponent's failure to explain with specificity the particular hours viewed as "unnecessary or duplicative" is generally fatal.

*Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002) (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997)).  "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary." *Barnes*, 168 F.3d at 428 (quotations omitted).  But in cases where the fee motion and supporting documents are voluminous, an hour-by-hour analysis by the court is not required, and the court may apply across-the-board percentage cuts in the number of hours so long as the court provides a concise but clear explanation of its reasons for the reduction.  *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994).  There is a strong presumption that the lodestar figure is reasonable.  *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553-54 (2010).

      i.      ***Reasonable Rate***

Defendant has requested an hourly rate of $375 for Mr. Bennett and $400 for Mr. Keever, but in support of those rates has attached nothing but the affidavit of Mr. Bennett and the resumes of each attorney.  *See* Doc. 14.  Nor did Defendant provide the Court any legal authority or prior decisions that would support the proposition that the requested rate was the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth*, 97 F.3d at 1396.  That said, Plaintiff did not directly challenge the requested hourly rate in response, noting simply that its fee expert opined that a reasonable rate for Defendant's counsel was between $300 and $400.  Doc. 118.  Thus, it appears that the hourly rates requested are unopposed and, as such, are due to be set as requested.

      ii.      ***Hours Expended***

As to the reasonableness of the number of hours billed, Defendant provided almost no argument.  *See* Doc. 114 at 11.  Instead, Defendant just directed the Court to the billing records.

Defendant provided no fee expert affidavit.[2] Further, there is no indication that Defendant exercised billing judgment in relation to his requests. But in an apparent race to the bottom in terms of briefing sufficiency, Plaintiff provided even less argument concerning the reasonableness of the hours billed, simply describing the hours billed as "vague, administrative, duplicative and excessive." Doc. 118 at 2. The fee expert adds little by parroting the same terms and describing the amount requested as "exorbitant." Doc. 120. Of some limited utility is the fee expert's chart, which contains sentence-fragment objections to certain of the billing entries. Doc. 118-2. At the conclusion of the chart, the fee expert recommends that Mr. Bennett's time be reduced by approximately 42% (from 178.9 hours to 104.2 hours) and that Mr. Keener's time be reduced by approximately 60% (from 4.3 hours to 1.2 hours). Doc. 118-2.

Due to the paucity of the briefing on both sides – unfortunately, as to this and every issue before the Court – the undersigned has reviewed the billing records and, exercising the Court's own expertise, has found that certain of the billing entries should be reduced or eliminated. Throughout the billing records, Mr. Bennett included entries that vaguely referenced the review of the docket, court orders, and documents and, due to the lack of specificity and briefing, the undersigned finds that those requests are unsupported and likely duplicative. For example, Mr.

---

[2] In the Motion, Defendant included a paragraph stating – somewhat strangely – that he recognized the Court may rule without a hearing but asserted that he would present the testimony of a fee expert if the Court held a hearing. The Court finds that a hearing is not necessary for the determination of the Motion and that Defendant waived his right to present any further evidence. Indeed, after the Motion was filed, the Court entered an Order that stated: "The Court will take the Motion under consideration as filed, along with any response thereto. The Movant is cautioned that the Court does not intend to set the Motion for an evidentiary hearing, and Movant will not have a subsequent opportunity to submit additional evidence (such as an expert report) in support of the Motion. See Doc. 114 at 23; Local Rule 3.01(j)." Doc. 115. Following that Order, Defendant never sought permission to file a reply or otherwise provide additional evidence in relation to any issue in the Motion. Instead, on July 2, 2019, Defendant filed an unauthorized reply, which was stricken as violative of Local Rule 3.01(c). Regardless, that unauthorized reply provided no additional evidence in support of the Motion.

Bennet billed 2.8 hours for "review of court orders and trial order up to October 18, 2018," then three days later billed 1.2 hours for "review and analyze lengthy case docket," and then in the days surrounding those entries appeared to spend hours reviewing individual orders that appear on the docket. Doc. 118-2 at 2-10. In addition, Mr. Bennet spent excessive amounts of time billing to review extremely short notices and orders. *Id*. at 13, 15. Mr. Bennett also spent large blocks of time reviewing and preparing to file Defendant's third amended answer and affirmative defenses. *Id*. at 5-7. There are also clear examples of inappropriate block billing, which frustrates the Court's reasonableness review, related to meetings with county officials and mediation. *Id*. at 2, 15. All told, it is exceedingly difficult to parse the billing records of Mr. Bennett given the record before the Court. In cases such as this, and given the length of the billing records, the undersigned finds it appropriate to recommend an across-the-board cut to Mr. Bennett's billable time. After due consideration, the undersigned finds that a 25% reduction is appropriate as to Mr. Bennett's time, resulting in 134.2 hours of billable time.

As to Mr. Keener, the undersigned finds that a reduction to of .3 hours is appropriate because Mr. Keener's billable records reflect an excessive amount of time for filing a notice of appearance and reviewing a one-paragraph order regarding mediation and the impasse notice. The few remaining hours of Mr. Keener's time were appropriately billed, and the undersigned finds that Mr. Keener should recover 4 hours of billable time.

   *iii.*   **The Lodestar**

Based upon the foregoing recommendations, the undersigned calculates a lodestar of $51,925.00 as follows:

|  | Hours | Rate |  |
|---|---|---|---|
| Ryan M. Bennett, Esq. | 134.2 | $375 | $50,325.00 |
| Benjamin D. Keener, Esq. | 4 | $400 | $1,600.00 |
|  |  | Total: | $51,925.00 |

*iv.* ***Contingency Multiplier***

The majority of the Motion concerns Defendant's request for a contingency fee multiplier of 2.5 times the calculated lodestar. *See* Doc. 114 at 11-23. As an initial matter, the undersigned notes that this case involves an underlying appraisal award of $478,626.98. Doc. 114 at 18. Thus, it appears that the requested attorney fee represents 35.9% of the recoverable amount if Defendant were successful in securing that award.[3] This case did not proceed to trial.

That said, Defendant fundamentally failed to carry his burden by not providing the Court with the fee agreement between Defendant and his counsel. Further, in neither Defendant's nor Mr. Bennett's affidavit is it actually asserted that the fee agreement is a contingency fee agreement. And although there are several vague references to a contingency fee agreement in the Motion, even if the Court were to consider those references sufficient to establish the existence of a contingency fee agreement – which it does not – those references provide absolutely no information concerning what the contingency amount was. As such, Defendant failed to carry his burden to establish that he is entitled to a contingency risk fee multiplier. Indeed, in Florida, "in no case should the court-awarded fee exceed the fee agreement reached by the attorney and his client." *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1151 (Fla. 1985)). In *Rowe*, the court discussed the application of a "contingency risk" factor as a basis to increase the lodestar

---

[3] $172,018.75 / $478,626.98 = .3594

amount in cases where attorneys are "working under a contingent fee contract." *Id*. Here, there is insufficient evidence establishing the existence of a contingency fee contract, let alone the amount of the contingency agreed-to by Defendant and his counsel. *See, e.g.*, *Wolfe v. Nazaire*, 758 So. 2d 730, 734 (Fla. Dist. Ct. App. 2000), *approved sub nom. First Baptist Church of Cape Coral, Fla., Inc. v. Compass Const., Inc.*, 115 So. 3d 978 (Fla. 2013), ("the award of a contingency risk multiplier in this case is in error because there was no contingency in the fee agreement") (Farmer, J. concurring).

Without that information, the Court cannot determine whether the application of a contingency risk multiplier would result in a fee in excess of that contracted-to between the parties.

Even assuming the existence of a contingency fee agreement and also assuming that a multiple of the lodestar would fall within the terms of that agreement, the undersigned finds that Defendant is not entitled to a multiplier. This case was dismissed due to a lack of subject matter jurisdiction in relation to an issue that appeared on the face of the Amended Complaint. Had the Court awarded any substantive relief, it would have been void due to that lack of jurisdiction. Nevertheless, Defendant's counsel spent scores of hours litigating this case to the brink of trial, all of which was for naught. To now ask the Court to apply a multiplier to those hours – none of which were necessary to a successful resolution of this case for Defendant – is patently unreasonable. Especially where, as here, many of Defendant's filings were denied summarily, stricken, or otherwise unsuccessful. Indeed, the summary judgment response, which is discussed at some length by Defendant in the Motion, was never ruled on due to the lack of jurisdiction. Given the inapposite and unsuccessful nature of the overwhelming majority of Defendant's litigation efforts, the undersigned finds that no multiplier is appropriate.

### v. Interest

Defendant requests prejudgment interest from the date of accrual of entitlement to fees, which Plaintiff sets as the February 7, 2019 dismissal of this case. *See* Doc. 114 at 23-24 (citing Doc. 102; *Quality Engineered Installation, Inc. v. Higley S., Inc.*, 670 So. 2d 929, 931 (Fla. 1996)). Plaintiff failed entirely to challenge entitlement such interest, and the undersigned deems this a concession that Defendant is entitled to prejudgment interest on the amount of attorney fees, accruing from February 7, 2019.

### III. Conclusion

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 114) be **GRANTED in part** such that Defendant is awarded $51,925.00 in attorney fees, along with prejudgment interest accruing from February 7, 2019; and

2. The Motion (Doc. 114) otherwise be **DENIED**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on October 1, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record